UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

JEROLD S. WADDLE                                           CASE NO.: 11-10186(1)(7)
CELESTA L. WADDLE

                 Debtors

## MEMORANDUM-OPINION-ORDER

This matter is before the Court on the Motion to Reconsider and Set Aside Order Reopening Proceedings filed by interested party John B. Husted, M.D. ("Dr. Husted"). The Court considered the Motion of Dr. Husted, the Response filed by Trustee Jerry Burns ("Trustee"), the Memorandum of Law in Support of the Motion to Reconsider of Dr. Husted and the Reply of the Trustee. The Court also considered the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY** the Motion to Reconsider.

The Debtors filed their Petition seeking relief under Chapter 7 of the United States Bankruptcy Code on February 10, 2011. An Order of Discharge was entered on May 18, 2011 and the case was closed.

On July 8, 2011, Debtors moved to reopen the case for the purpose of filing

amended schedules to list a medical malpractice lawsuit against Dr. Husted and other Defendants which had been pending in the Pulaski Circuit Court at the time the Debtors filed their Chapter 7 Petition.  The Debtors' Complaint against Dr. Husted was filed nearly 7 months prior to the filing of the Chapter 7 Petition.  Once the Court granted the Motion to Reopen, Debtors submitted an Agreed Order with the Trustee denying their claim to exemption in any proceeds that may be recovered from the lawsuit.  The Debtors also agreed to revoke the previously entered discharge.

Dr. Husted contends that the Debtors' failure to list the lawsuit in their initial Petition constitutes bad faith.  However, by agreeing to waive any exemption in any proceeds of the lawsuit, the Debtors do not stand to benefit from the claim, unless a surplus exists.

The lawsuit became property of the Debtors' bankruptcy estate at the time of the filing of the Petition.  11 U.S.C. §541(a)(1).  At that point, all estate assets were to be administered exclusively by the Trustee as the representative of the estate.  The Trustee has exclusive authority to use, sale or lease estate property.  *See*, 11 U.S.C. §323(a) and 363(b)(1).  Undisclosed assets remain property of the estate even after the case is closed pursuant to 11 U.S.C. §554(d).

The Court finds no reason to reconsider its Order reopening the Debtors' case to allow the Trustee to administer the malpractice claim as an asset of the estate.  The Debtors' discharge has been revoked and it is extremely unlikely the Debtors will financially benefit from any recovery in the lawsuit.  Accordingly, Dr. Husted's Motion to Reconsider

must be denied.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Reconsider Order Reopening Case, be and hereby is, **DENIED.**

*Joan A. Floyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: November 8, 2011